UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WAUSAU BUSINESS INSURANCE COMPANY,  a Wisconsin corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>FISHER PRINTING CO., INC., an Illinois corporation,<br><br>    Defendant. | Cause No.:    07 C 03732 |

FISHER PRINTING CO., INC.,
An Illinois corporation,

    Counter-Plaintiff,

  v.

WAUSAU BUSINESS INSURANCE
COMPANY, a Wisconsin corporation,

    Counter-Defendant.

FISHER PRINTING CO., INC.,
An Illinois corporation,

    Third-Party Plaintiff,

  v.

HARTFORD FIRE INSURANCE
COMPANY, a Connecticut corporation,

    Third-Party Defendant.

**WAUSAU BUSINESS INSURANCE COMPANY'S ANSWER TO FISHER PRINTNIG COMPANY, INC.'S AMENDED COUNTERCLAIM**

## COUNT I: DECLARATORY JUDGMENT
### (28 U.S.C. Sections 2201 and 2202)

1.     Fisher Printing incorporates by reference herein Paragraphs 1 through 33 of Wausau's Complaint for Declaratory Judgment, and Fisher Printing's answers thereto, as if fully rewritten.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 1.

2.     This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. Sections 1332 and 1367. Venue in this district is proper pursuant to 28 U.S.C. Section 1391 (a) and (c).

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 2.

### THE WAUSAU POLICY

3.     The Wausau policy was effective October 31, 2006 through October 31, 2007. *See* Wausau Complaint, par. 7, and answer thereto.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 3.

4.     The Wausau Policy provides coverage for Personal and Advertising Injury Liability under Coverage Part B, which states:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.     Insuring Agreement.**

**a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any**

2

> "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.
>
> \* \* \*
>
> b.  This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

*See* Wausau Complaint, par. 8, Exhibit A thereto, and Fisher Printing's answer thereto.

**ANSWER:**  Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that the language quoted in Paragraph 4 appears in the Wausau policy attached as Exhibit A to Wausau's Complaint for Declaratory Judgment, but denies that the quoted language accurately portrays the policy as a whole.

5.  "Advertisement" is defined by the Wausau Policy as follows:

> **SECTION V – DEFINITIONS**
>
> \* \* \*
>
> 1.  "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:
>
>   a.  Notices that are published include material placed on the Internet or on similar electronic means of communication; and
>   b.  Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

*See* Wausau Complaint, par. 10, Exhibit A thereto, and Fisher Printing's answer thereto.

**ANSWER:**  Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that the language quoted in Paragraph 5 appears in the Wausau policy attached as Exhibit A to

Wausau's Complaint for Declaratory Judgment, but denies that the quoted language accurately portrays the policy as a whole.

6.     "Personal and advertising injury" is defined by the Wausau policy as follows:

### SECTION V – DEFINITIONS

\* \* \*

**14.     "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:**

\* \* \*

**f.     The use of another's advertising idea in your "advertisement"; or**

**g.     Infringing upon another's copyright, trade dress or slogan in your "advertisement".**

*See* Wausau Complaint, par. 10, Exhibit A thereto, and Fisher Printing's answer thereto.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that the language quoted in Paragraph 6 appears in the Wausau policy attached as Exhibit A to Wausau's Complaint for Declaratory Judgment, but denies that the quoted language accurately portrays the policy as a whole.

### THE ASHLEY LAWSUIT

7.     The Ashley lawsuit contains seven Claims for Relief. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 7.

8.      The First Claim for Relief (hereinafter "First Claim") and Second Claim for Relief ("Second Claim") allege copyright infringement. *See* <u>Ashley</u> lawsuit, attached to Wausau Complaint as Exhibit B, pp. 9, 12.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 8.

9.      The Third Claim for Relief ("Third Claim") and Fourth Claim for Relief ("Fourth Claim") allege trademark infringement under the Lanham Act. *See* <u>Ashley</u> lawsuit, attached to Wausau Complaint as Exhibit B, p.12.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that the Third Claim for Relief and Fourth Claim for Relief of the <u>Ashley</u> lawsuit allege violations of various provisions of the Lanham Act.   Wausau denies the remainder of the allegations of Paragraph 9.

10.     The Seventh Claim for Relief ("Seventh Claim") alleges violation of Illinois Common Law. *See* <u>Ashley</u> lawsuit, attached to Wausau Complaint as Exhibit B, pp.22-23.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 10.

11.     The <u>Ashley</u> lawsuit contains a "Factual Background" section that comprises approximately six (6) pages of the underlying Ashley complaint. *See* <u>Ashley</u> lawsuit, attached to Wausau Complaint as Exhibit B, pp 3-9.  Each Claim for Relief to the Ashley complaint incorporates by reference all of the allegations contained in the Factual Background. *See* <u>Ashley</u> lawsuit, attached to Wausau Complaint as Exhibit B, pp. 9, 12, 14, 18, 22.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that the <u>Ashley</u> lawsuit contains a "Factual Background" section that comprises approximately

six (6) pages of the Ashley lawsuit. Wausau denies that each Claim for Relief to the Ashley lawsuit only incorporates by reference all of the allegations contained in the Factual Background. Wausau further states that each of the Claims for Relief to the Ashley lawsuit incorporate both the allegations contained in the Factual Background and the allegations contained in each of the preceding Claims for Relief

12.     The factual allegations and Claims for Relief of the Ashley complaint are supported by a total of 21 Exhibits, which Exhibits A through U are attached to the Ashley complaint and incorporated by reference into the Ashley lawsuit. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that some of the factual allegations and Claims for Relief of the Ashley lawsuit are supported by Exhibits A through U, attached to the Ashley complaint and incorporated by reference therein. Wausau denies the remainder of the allegations contained in Paragraph 12.

13.     Six of the Exhibits attached to the Ashley complaint are correspondence and/or e-mail correspondence between various representatives of Ashley Furniture Industries, Inc. or Ashley HomeStores, Ltd. (hereinafter sometimes referred to collectively as "Ashley"), and Fisher Printing. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, at Exhibits A, B, C, D, E, G.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that the exhibits referenced in Paragraph 13 are attached as exhibits to the Ashley lawsuit, but denies both that Paragraph 13 accurately portrays the contents of the exhibits and that the referenced exhibits accurately portray the Ashley lawsuit as a whole.

14.     Exhibit F of the <u>Ashley</u> lawsuit is a group exhibit. Exhibit F contains an insert that Ashley alleges was placed within the March 2007 issue of a[sic] Home Furnishings Retailer, which insert asked "Who are you buying your AFHS inserts from?" and advertised a "Win Win Insert Program". The Ashley complaint refers to the foregoing as "Defendant's 2007 Advertisement". *See* <u>Ashley</u> lawsuit, attached to Wausau Complaint as Exhibit B, at par. 24, and attached Exhibit F. Exhibit F also contains a publication referred to ad the "Mocked Up Sales Circular." The Mocked Up Sales Circular was allegedly included in Defendant's 2008 Advertisement. *See* <u>Ashley</u> lawsuit, attached to Wausau Complaint as Exhibit B, at par. 25, and attached Exhibit F.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that the exhibit referenced in Paragraph 14 is attached as an exhibit to the <u>Ashley</u> lawsuit, but denies both that Paragraph 14 accurately portrays the contents of the exhibit and that the referenced exhibit accurately portrays the <u>Ashley</u> lawsuit as a whole.

15.     Exhibit H of the <u>Ashley</u> lawsuit is a copy of a circular that was allegedly attached to a March 18, 2007 solicitation letter which displayed the marks ASHLEY, ASHLEY FURNITURE HOMESTORE, and IN STYLE. IN REACH. The Ashley complaint refers to Exhibit H as "Defendant's 2007 Circular". *See* <u>Ashley</u> lawsuit, attached to Wausau Complaint as Exhibit B, at par. 44, and attached Exhibit H.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that the exhibit referenced in Paragraph 15 is attached as an exhibit to the <u>Ashley</u> lawsuit, but denies both that Paragraph 15 accurately portrays the contents of the exhibit and that the referenced exhibit accurately portrays the <u>Ashley</u> lawsuit as a whole.

16.     Exhibit J of the <u>Ashley</u> lawsuit is a copy of the January 2007 Ashley HomeStores Masthead, which the Ashley complaint describes as being "comprised of the advertising layout as shown." The Ashley complaint refers to Exhibit J as the "Ashley HomeStores Masthead". *See* <u>Ashley</u> lawsuit, attached to Wausau Complaint as Exhibit B, at par. 61, and attached Exhibit J.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that the exhibit referenced in Paragraph 16 is attached as an exhibit to the <u>Ashley</u> lawsuit, but denies both that Paragraph 16 accurately portrays the contents of the exhibit and that the referenced exhibit accurately portrays the <u>Ashley</u> lawsuit as a whole.

17.     Exhibits F, H, and J are different from one another. *See* <u>Ashley</u> lawsuit, attached to Wausau Complaint as Exhibit B, at Exhibits F, H, and J.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 17.

18.     Exhibit I to the complaint in the <u>Ashley</u> lawsuit is a group Exhibit consisting of seven Applications for a Certificate of Copyright registration (hereinafter "Copyright Applications"). The Copyright Applications relate to copyrights to the images of certain Ashley furnishings; Barstow – Walnut, Glen Eagle, Durapello Cocoa, Casa Mollina, Cedar Heights, Bittersweet, Sabrina Throws, and Roarke-Masai, collectively referred to in the <u>Ashley</u> lawsuit as the "Ashley Furniture Images". *See* <u>Ashley</u> lawsuit, attached to Wausau Complaint as Exhibit B, at pars. 51-53, and attached Exhibit I.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that the exhibit referenced in Paragraph 18 is attached as an exhibit to the <u>Ashley</u> lawsuit, but

denies both that Paragraph 18 accurately portrays the contents of the exhibit and that the referenced exhibit accurately portrays the Ashley lawsuit as a whole.

19.     Exhibit K of the Ashley lawsuit is the Copyright Application for the Ashley HomeStores Masthead. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, at par. 63, and attached Exhibit K.

**ANSWER:**   Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that the exhibit referenced in Paragraph 19 is attached as an exhibit to the Ashley lawsuit, but denies both that Paragraph 19 accurately portrays the contents of the exhibit and that the referenced exhibit accurately portrays the Ashley lawsuit as a whole.

20.     Exhibits L, M, N, O, P, Q, R, S, T, and U are various U.S. Trademark Registrations purportedly owned by Ashley Furniture. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, at pars. 70-83, and attached Exhibits L through U.

**ANSWER:**   Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that the exhibits referenced in Paragraph 20 are attached as exhibits to the Ashley lawsuit, but denies both that Paragraph 20 accurately portrays the contents of the exhibits and that the referenced exhibits accurately portray the Ashley lawsuit as a whole.

## THE FIRST, SECOND, THIRD, FOURTH AND SEVENTH CLAIMS FOR RELIEF TRIGGER WAUSAU'S DUTY TO DEFEND

21.     The duty to defend is broader than the duty to indemnify, and is triggered if the potential for coverage exists under the policy. If any portion of the allegations in the underlying Ashley lawsuit is potentially covered, Wausau is obligated to provide a complete defense to all claims asserted.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company denies that the legal conclusions stated in Paragraph 21 contain a complete or accurate statement of existing law as it relates to the facts of this case.

22.    The First Claim of the Ashley lawsuit is for copyright infringement, and alleges that Fisher Printing infringed on Ashley's copyright interests in the Barstow – Walnut, Glen Eagle, Durapello Cocoa, Casa Mollina, Cedar Heights, Bittersweet, Sabrina Throws, and Roarke-Masai, collectively referred to in the Ashley lawsuit as the "Ashley Furniture Images". *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, at p. 9-11.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 22.

23.    The Second Claim of the Ashley lawsuit is for copyright infringement, and alleges that Fisher Printing infringed on Ashley's copyright interest in the "Ashley HomeStores Masthead". *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, at p. 12-14.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 23.

24.    The Ashley Furniture Images referred to in the First Claim and the Ashley HomeStores Masthead referred to in the Second Claim, are both alleged to have been placed in Defendant's 2007 Advertisement.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 24.

25.    The First Claim and Second Claim do not allege that Fisher Printing infringed upon Ashley's copyright interests in the Ashley Furniture Images, the Ashley HomeStores

Masthead, or any Ashley copyright interest, at any time prior to 2007. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 25.

26.     The First Claim for Relief and Second Claim for Relief of the Ashley lawsuit allege damages covered by the Wausau policy because:

a.     The Wausau policy provides coverage for "personal and advertising injury" offense(s) arising out of [Fisher Printing's] business during the policy period;

b.     "Personal and advertising injury" is defined in part by the policy as "The use of another's advertising idea in your 'advertisement'; or Infringing upon another's copyright, trade dress or slogan in your 'advertisement'"; and

c.     The First Claim for Relief and Second Claim for Relief of Ashley lawsuit allege that Fisher Printing infringed upon Ashley's Copyright(s) in its (Fisher Printing's) 2007 Advertisement(s), i.e., committed a covered offense during the policy period.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 26

27.     The Third Claim for Relief and Fourth Claim for Relief are for Trademark Infringement under the Lanham Act. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, pp. 14, 18. The Ashley lawsuit alleges violation of trademark rights to the marks ASHLEY, ASHLEY HOMESTORES, ASHLEY FURNITURE HOMESTORE, ASHLEY FURNITURE, ASHLEY FURNITURE HOMESTORE, ASHLEY FURNITURE INDUSTRIES, IN STYLE. IN REACH, AND DURAPELLA. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, par. 71.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 27.

28. The Seventh Claim for Relief is for violation of Illinois Common Law, and seeks damages as a result of Defendant's alleged infringement of the Ashley Marks. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, par. 117, 120.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 28.

29. The Factual Background section of the complaint, which is incorporated by reference into the Third, Fourth and Seventh Claims for Relief, alleges that the Mocked Up Sales Circular that was included in Defendant's 2007 Advertisement used and displayed the marks, ASHLEY, ASHLEY FURNITURE HOMESTORE, IN STYLE. IN REACH, and DURAPELLA. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, par. 25, 28.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations contained in Paragraph 29.

30. The Third, Fourth and Seventh Claims for Relief of the Ashley lawsuit allege damages covered by the Wausau policy because:

a. The Wausau policy provides coverage for "personal and advertising injury" offense(s) arising out of [Fisher Printing's] business during the policy period;

b. "Personal and advertising injury" is defined in part by the policy as "The use of another's advertising idea in your 'advertisement'; or Infringing upon another's copyright, trade dress or slogan in your 'advertisement'"; and

c.     The Third, Fourth, and Seventh Claim for Relief of [sic] <u>Ashley</u> lawsuit allege that Fisher Printing infringed upon Ashley's trademarks or marks in its (Fisher Printing's) 2007 Advertisements, i.e., committed a covered offense during the policy period.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 30.

### THE EXCLUSIONS CITED BY WAUSAU ARE INAPPLICABLE

31.     The exclusions cited by Wausau in its Complaint are inapplicable to preclude coverage.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 31.

### The "Knowing Violation" Exclusion is Inapplicable

32.     The "Knowing Violation of Rights of Another" ("Knowing Violation") exclusion requires that the insured have "knowledge that the act would violate the rights of another" and would inflict "personal and advertising injury". See Wausau Complaint, par. 9, and answer thereto.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that the Knowing Violation of Rights of Another Exclusion speaks for itself. Wausau denies the remainder of the allegations contained in Paragraph 32.

33.     The First Claim for Relief alleges that Fisher acted willfully with the full knowledge of and with "reckless disregard" of copyright interests in the Ashley Furniture Images. *See* <u>Ashley</u> lawsuit, attached to Wausau Complaint as Exhibit B, par. 56.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that Paragraph 56 of the <u>Ashley</u> lawsuit alleges that Fisher Printing's conduct was and continues

to be done willfully with the full knowledge of and with reckless disregard of Ashley Furniture's rights in and to the Ashley Furniture Images under the Copyright Act. Wausau denies that the allegations of Paragraph 33 of the <u>Fisher Printing</u> Counterclaim accurately portray the allegations of the <u>Ashley</u> lawsuit as a whole.

34.     The Second Claim for Relief alleges that Fisher acted willfully with the fully [sic] knowledge of *or* with "reckless disregard" of copyright interests in the Ashley HomeStores Masthead. *See* <u>Ashley</u> lawsuit, attached to Wausau Complaint as Exhibit B, par. 66.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that Paragraph 66 of the <u>Ashley</u> lawsuit alleges that Fisher Printing's copyright infringement continues to be done willfully and with the full knowledge of or with reckless disregard of Ashley HomeStores' rights in and to the Ashley HomeStores Masthead under the Copyright Act. speak for themselves. Wausau denies that the allegations of Paragraph 34 of the <u>Fisher Printing</u> Counterclaim accurately portray the allegations of the <u>Ashley</u> lawsuit as a whole.

35.     Third Claim for Relief alleges that Fisher acted willfully with the fully [sic] knowledge of and with "reckless disregard" of Ashley's trademark rights. *See* <u>Ashley</u> lawsuit, attached to Wausau Complaint as Exhibit B, par. 89.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that Paragraph 89 of the <u>Ashley</u> lawsuit alleges that Fisher Printing's infringement of trademark rights in and to the Ashley Marks was and continues to be done willfully with the full knowledge of and with reckless disregard of Plaintiffs' trademark rights in and to the ASHLEY marks. Wausau denies that the allegations of Paragraph 35 of the <u>Fisher Printing</u> Counterclaim accurately portray the allegations of the <u>Ashley</u> lawsuit as a whole.

36. The Seventh Claim for Relief contains no allegations of intentional or reckless conduct, and merely sets forth a common law action for unauthorized use of Ashley Marks. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, pp. 22-23.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 36

37. As set forth above, if any portion of the allegations in the underlying Ashley lawsuit is potentially covered, Wausau is obligated to provide a complete defense to all claims asserted. Under Illinois law, allegations in an underlying lawsuit of "reckless disregard" are not allegations of "knowledge" for purposes of personal injury coverage exclusions. See, e.g., *St. Paul Insurance Company of Illinois v. Landau, Omahana & Kopka, Ltd.*, 246 Ill.App.3d 852, 619 N.E.2d 1266 (1st Dist. 1993).

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company denies that the legal conclusions stated in Paragraph 37 contain a complete or accurate statement of existing law as it relates to the facts of this case.

38. Further, Illinois law holds that if recovery for a claim can be had by showing either interest or a state of mind less than intent then the potential for coverage is triggered notwithstanding intentional act exclusions. See, e.g., *National Union Fire Insurance Co. of Pittsburgh v. Associates in Adolescent Psychiatry*, 1987 WL 12661 (N.D.Ill.1987).

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company denies that the legal conclusions stated in Paragraph 38 contain a complete or accurate statement of existing law as it relates to the facts of this case.

39. Copyright Infringement and Trademark Infringement actions do not require intent or knowledge.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company denies that the legal conclusions stated in Paragraph 39 contain a complete or accurate statement of existing law as it relates to the facts of this case.

40.    Significantly, and consistent with the fact that knowledge is not a required element, paragraph 66 of the Ashley lawsuit, which is contained in the Second Claim for Relief (copyright infringement for the Ashley HomeStores Masthead), specifically alleges that infringement of Ashley's HomeStores copyrights to the Ashley HomeStores Masthead were done *either* willfully *or* "with reckless disregard of" Ashley's rights.    Wausau's Complaint misstates the allegations of this paragraph, alleging that it reads "with the full knowledge of and with reckless disregard".    See Wausau Complaint, par. 26, and answer thereto.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that its Complaint for Declaratory Judgment inadvertently misstates the allegations of Paragraph 66 of the Ashley lawsuit as set forth in Paragraph 40 of the Fisher Printing Counterclaim. Wausau further admits that Paragraph 66 of the Ashley lawsuit alleges that Fisher Printings' copyright infringements were and continue to be done willfully with the full knowledge of or with reckless disregard of Ashley HomeStores' rights in and to the Ashley HomeStores Masthead under the Copyright Act. Wausau denies that the legal conclusions which make up the remainder of the allegations contained in Paragraph 40 contain a complete or accurate statement of existing law as it relates to the facts of this case.

41.    Finally, there are numerous correspondences [sic] between Ashley and Fisher Printing attached to the Ashley lawsuit as Exhibits A, B, C, D, E and H. These correspondences evidence that whether Fisher Printing had authority to use Ashley logos, or believed it had authority to use Ashley logos, is a question of fact.    It can be reasonably inferred from the

correspondence attached to the Ashley lawsuit that Fisher Printing was retained for printing services by Ashley Furniture HomeStore local dealers, and that access to and permission to print was obtained, or was reasonably believed by Fisher Printing to have been obtained, from said dealers. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, at Exhibits A, B, D, E, G.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that there are numerous correspondences between Ashley and Fisher Printing attached to the Ashley lawsuit as Exhibits A, B, C, D, E and G. Wausau denies the remainder of the allegations contained in Paragraph 41.

### The "Prior Publication" Exclusion is Inapplicable

42.    The "Material Published Prior to Policy Period" exclusion ("Prior Publication") exclusion is also inapplicable. The Prior Publication exclusion pertains to "personal and advertising injury" whose "first publication took place before the beginning of the policy period." *See* Prior Publication exclusion, set forth in Wausau's complaint at par. 9.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that the Prior Publication exclusion pertains to "personal and advertising injury" whose "first publication took place before the beginning of the policy period." Wausau denies the remaining allegations contained in Paragraph 42.

43    The First and Second Claims are for copyright infringement relative to the Ashley Furniture Images, and the Ashley HomeStores Masthead, respectively. The infringing material was allegedly contained in "Defendant's 2007 Advertisement", which was an advertising insert for Fisher placed with the March 2007 issue of Home Furnishings Retailer. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, pars. 24, 50-59.

**ANSWER:**   Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that the allegations of Paragraphs 24, 50-59 of the Ashley lawsuit speak for themselves. Wausau denies that the allegations of Paragraph 43 of the Fisher Printing Counterclaim accurately portray the allegations of the Ashley lawsuit as a whole.

44.    The advertising inserts to the March 2007 magazine was allegedly entitled "Who are you buying your AFHS inserts from?" and "Win Win Insert Program". *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, at par. 24.

**ANSWER:**   Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 44.

45.    There is no allegation in the Ashley complaint that the "Who are you buying your AFHS inserts from?" or "Win Win Insert Program" (i.e, the Defendant's 2007 Advertisement), were published any time prior to February or March 2007, i.e. before the October 31, 2006 inception of the Policy Period of the Wausau Policy. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B.

**ANSWER:**   Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 45.

46.    Further, there are no allegations of copyright violations alleged in the Ashley lawsuit *at any time prior to 2007. See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B. In fact, the Copyright Applications attached to the Ashley lawsuit as Group Exhibit 1 and Exhibit K each contain a Section 3b, which is entitled DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, at Exhibit I.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that Exhibits I and K of the Ashley lawsuit contain the wording represented in Paragraph 46. Wausau denies the remainder of the allegations contained in Paragraph 46.

47. The Copyright Application for the Ashley Furniture Image known as "Durapella Cocoa" provides that the Date of First Publication was March, 2007. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, at Exhibit I.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 47.

48. The Copyright Application for the Ashley Furniture Image known as "Roarke-Masai" provides that the Date of First Publication was January, 2007. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, at Exhibit I.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 48.

49. The Copyright Applications for Ashley Furniture Images known as "Glen Eagle", "Casa Mollino", "Cedar Heights" and Sabrina Throws" provide the Date of First Publication for each of these images was October, 2006. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, at Exhibit I.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 49.

50. The Copyright Application for Ashley HomeStores Masthead provides that the Date of First Publication was January, 2007. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, at Exhibit K.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 50.

51.    Thus, in summary, notwithstanding that the Ashley lawsuit does not even allege copyright violation by Fisher prior to the inception of the Wausau policy, it is clear from Exhibit I and K to the Ashley lawsuit that it would have been impossible for Fisher to infringe on most of the alleged Ashley copyrights that are the subject of the First and Second Claims, prior to the October 31, 2006 inception of the Policy Period of the Wausau Policy.  Several of the subject copyrighted images (Durapella Cocoa, Roarke-Masai and the Ashley HomeStores Masthead) were not even "first published" *by Ashley* until 2007, after the Wausau Policy was already in force.  With regard to several other images (Glen Eagle, Casa Mollino, Cedar Heights and Sabrina Throws) it would have been nearly impossible for Fisher to infringe on them prior to the October 31, 2006 inception of the Policy Period of the Wausau Policy, because the images in question were only first published *by Ashley* in October, 2006, nearly simultaneous with the inception of the Policy Period of the Wausau Policy.  Accordingly, the "Prior Publication" exclusion is clearly inapplicable.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 51.

52.    Similarly, the "Prior Publication" exclusion is inapplicable to the trademark infringement claims (Claim Three and Claim Four) because both claims incorporate by reference the factual allegations that allege that trademark violations occurred in Defendant's 2007 Advertisement.  *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, par 44, 45. There is no allegation that the Defendant's 2007 Advertisement was first published at any time prior to 2007.  Further the DURAPELLA mark is alleged *only* to have been displayed in the

Defendant's 2007 Advertisement. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, par. 29. *Ipso facto*, these dates are after the October 31, 2006 inception of the Policy Period of the Wausau Policy.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that there is no allegation in the Ashley lawsuit or Wausau's Complaint for Declaratory Judgment that Fisher Printing's 2007 Advertisement was first published at any time prior to 2007. Wausau further admits that the DURAPRELLA mark is alleged only to have been displayed in Fisher Printing's 2007 Advertisement. Wausau denies the remainder of the allegations contained in Paragraph 52.

### The "Infringement" Exclusion is Inapplicable

53. The "Infringement Of Copyright, Patent, Trademark of Trade Secret" exclusion ("Infringement") exclusion is inapplicable because it expressly "does not apply to infringement, in your [Fisher Printing's] 'advertisement' of copyright, trade dress or slogan." *See* Wausau Complaint, par. 9 and Defendant Fisher Printing's Answer thereto. The Ashley lawsuit is replete with allegations that the alleged infringement(s) were contained in Fisher Printing's advertisements, most specifically, in Defendant's 2007 Advertisement. *See generally, See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 53.

### "The "Media Insured" Exclusion is Inapplicable

54. The "Insureds In Media and Interest Type Businesses" ("Media Insured") exclusion applies only to "personal and advertising injury" committed by an insured whose

business is "advertising, broadcasting, publishing or telecasting". See Wausau Complaint, par. 9, and Answer thereto.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 54.

55.    As its name indicates, Fisher Printing is a printing company. Fisher Printing is not in the business of "advertising, broadcasting, publishing or telecasting", as those terms are commonly understood. In fact, the Ashley complaint expressly alleges at paragraph 12 that "Fisher provides commercial graphic design, printing, and/or assembly services" and at paragraph 21 asserts that Fisher Printing placed the Ashley mark in a brochure advertising Fisher Printing's "printing services." *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, at pars. 12 and 21. Accordingly, the Media Insured exclusion is plainly inapplicable.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that Paragraph 12 of the Ashley complaint alleges on information and belief that Fisher provides commercial graphic design, printing, and/or assembly services. Wausau further admits that Paragraph 21 of the Ashley complaint alleges that Fisher Printing placed the Ashley mark in a brochure advertising Fisher Printing's "printing services." Wausau denies that the Media Insured exclusion is plainly inapplicable. Wausau is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 55.

56.    In summary, none of the arguments advanced by Wausau to avoid its obligations under the policy are meritorious, and Fisher Printing demands that Wausau fully honor all of its obligations to Fisher Printing under the policy in connection with the Ashley lawsuit.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 56.

## COUNT II: BREACH OF CONTRACT

57. Fisher incorporates by reference herein Paragraphs 1 through 33 of Wausau's Complaint, and Fisher's answers thereto, as if fully rewritten. Fisher likewise incorporates by reference herein Paragraphs 1 through 56 of this Counterclaim, as if fully rewritten.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company incorporates by reference the allegations of its Complaint for Declaratory Judgment. Wausau likewise incorporates by reference its Answers to Paragraphs 1 through 56 of the Fisher Printing Amended Counterclaim.

58. The Wausau policy provides that Wausau "will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies [and has] the right duty to [sic] defend the insured against any 'suit' seeking those damages." *See* Wausau Complaint, par. 8, and Fisher Printing's Answer thereto.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that the language quoted in Paragraph 58 appears in the Wausau policy attached as Exhibit A to Wausau's Complaint for Declaratory Judgment, but denies that the quoted language accurately portrays the policy as a whole.

59. On May 15, 2007 Wausau forwarded correspondence advising Fisher that Wausau "will not provide Fisher Printing with defense or indemnity" for the Ashley lawsuit. *See* correspondence from Wausau dated Mary [sic] 15, 2007, attached hereto and incorporated herein as **Exhibit 1.**

23

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that it sent correspondence to Fisher Printing on or about May 15, 2007 that it would not defend or indemnify Fisher Printing for the Ashley lawsuit.  Wausau denies that Exhibit 1 is a full and complete copy of the May 15, 2007 correspondence.

60.    On June 21, 2007, counsel for Wausau forwarded correspondence reiterating Wausau's position that it did not owe defense or indemnity for the Ashley lawsuit.  *See* June 21, 2007 correspondence from counsel for Wausau, attached hereto and incorporated herein as **Exhibit 2.**  Said correspondence acknowledges that "the definition of 'personal and advertising injury' encompasses '[i]nfringing upon another's copyright, trade dress or slogan in your 'advertisement' ", thus implicitly acknowledging coverage in the first instance, but asserts that the Knowing Violation and Prior Publication exclusions apply to bar coverage.  *See* **Exhibit 2.**

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that its counsel sent correspondence to Fisher Printing on or about June 21, 2007.  Wausau further admits that the language quoted in Paragraph 60 appears in Exhibit 2, but denies that the quoted language in Paragraph 60 accurately portrays Exhibit 2 as a whole.  Wausau denies the remainder of the allegations contained in Paragraph 60.

61.    For the reasons set forth earlier in this Counterclaim, coverage is provided in the first instance for the Ashley lawsuit, and the exclusions cited by Wausau are inapplicable.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 61.

62.    Fisher Printing has paid all premiums and satisfied all conditions precedent to coverage under the Wausau Policy and has suffered damages as a result of Wausau's breach.  Wausau is liable to Forge [sic] for such damages.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 62.

63.     Wausau has breached its duty to defend Fisher Printing for the Ashley lawsuit. Wausau is also obligated to indemnify Fisher Printing for loss associated with the Ashley lawsuit.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 63.

## COUNT III:  INSURANCE BAD FAITH
### Section 155, Illinois Insurance Code – 215 ILCS 5/155

64.     Fisher Printing incorporates by reference herein Paragraphs 1 through 33 of Wausau's Complaint, and Fisher Printing's answers thereto, as if fully rewritten.  Fisher Printing likewise incorporates by reference herein Paragraphs 1 through 63 of this Counterclaim, as if fully rewritten.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company incorporates by reference the allegations of its Complaint for Declaratory Judgment.  Wausau likewise incorporates by reference its Answers to Paragraphs 1 through 63 of the Fisher Printing Amended Counterclaim.

65.     As noted above in paragraph 57, Wausau has implicitly acknowledged that the allegations of the Ashley lawsuit are in the first instance covered by the Personal and Advertising Injury Coverage Part B of the Wausau policy.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 65.

66.    As noted above, Wausau has taken the position that the Knowing Violation, Prior Publication, Infringement, and Media Insurance exclusions operate to preclude coverage for the Ashley lawsuit. (Wausau Complaint, pars.31, 32).

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that it has taken the position that the Knowing Violation, Prior Publication, Infringement and Media Insurance exclusions each independently operate to preclude coverage for Fisher Printing for the Ashley lawsuit.  Wausau denies the remainder of the allegations contained in Paragraph 66.

67.    Wausau is a sophisticated insurer.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company does not understand what is meant by the term "sophisticated insurer" and therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67.

68.    Wausau is aware that the duty to defend is broader than the duty to indemnify, that policy exclusions are construed narrowly and against the drafter, and that a duty to defend the entire Ashley lawsuit is triggered if some but not all of the allegations of the Ashley complaint are potentially covered.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company denies that the legal conclusions stated in Paragraph 68 contain a complete or accurate statement of existing law as it relates to the facts of this case.

69.    Wausau is aware that the "Infringement" exclusion and "Media Insured" exclusion are inapplicable to preclude coverage, as evidenced by the fact that these exclusions were not even cited in Wausau's June 21, 2007 coverage correspondence. **See Exhibit 2.** As is

obvious from the above discussion of the "Infringement" and "Media Insured" exclusions, neither exclusion applies in this case, or even could apply to relieve Wausau of its duty to defend Fisher Printing. Again, and as Wausau very well understands, the allegedly offending materials that are the focus of the Ashley lawsuit are alleged to have been contained in Fisher Printing's *own advertisement*, rendering the "Infringement" exclusion clearly inapplicable. Further, the Ashley lawsuit clearly – and correctly – identifies Fisher Printing as a printing company, not as one of the media insureds to which the "Media Insured" exclusion might conceivably apply.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 69.

70.    Wausau is likewise aware that the "Prior Publication" exclusion is inapplicable. As set forth above, the copyright and trademark infringement actions in the First, Second, Third and Fourth Claims relate to alleged infringements arising out of the publication of Fisher's 2007 Advertising Circular and the inserted Mocked Up Sales Circular. *See generally, See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B. The 2007 Advertisement is not alleged to have been published any time prior to 2007 and thus was not published prior to the October 31, 2006 inception of the Policy Period of the Wausau Policy. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B. *Ipso facto* Fisher could not have made any offending publication prior to the October 31, 2006 inception of the Policy Period of the Wausau Policy. As a matter of simple logic, therefore, the "Prior Publication" exclusion cannot apply in respect of Fisher's 2007 Advertising Circular and the inserted Mocked Up Sales Circular.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 70.

71.     Further, with respect to the alleged copyright infringement of "Ashley Furniture Images" (First Claim for Relief), and of the "Ashley HomeStore Masthead" (Second Claim for Relief) the Exhibits to the <u>Ashley</u> lawsuit evidence that the alleged "Date [and Nation] of First Publication" for many of the copyrights at issue was *subsequent to the inception of the Wausau policy* – i.e. none of the alleged copyrighted material was "First Published" *even by Ashley* prior to October, 2006. *Ipso facto*, with respect to much of the disputed material, Fisher could not have made an offending publication of the material prior to the October 31, 2006 inception of the Policy Period of the Wausau Policy.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 71.

72.     Finally, Wausau is aware that the Knowing Violation exclusion does not apply.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 72.

73.     The Knowing Violation exclusion requires the existence, on Fisher's part, of "knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury'". *See* Wausau Complaint, par. 9, and answer thereto.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company admits the allegations of Paragraph 73.

74.     Wausau is a sophisticated insurer, and is aware of the distinction between acting with knowledge that an act would violate the rights of another, and acting with knowledge that the act would inflict injury.

**ANSWER:**     Plaintiff-Counter-Defendant Wausau Business Insurance Company does not understand what is meant by the term "sophisticated insurer" and therefore is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74. Wausau denies the remaining allegations contained in Paragraph 74.

75.    The Ashley lawsuit does not allege that Fisher Printing intended or knew that its actions would cause injury.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 75.

76.    Further, Wausau is aware that if recovery for an alleged claim may be had by showing either intent or a state of mind less than intent, there exists potential for coverage and the Knowing Violation exclusion is defeated.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company denies that the legal conclusions stated in Paragraph 76 contain a complete or accurate statement of existing law as it relates to the facts of this case. Wausau denies the remaining allegations contained in Paragraph 76.

77.    Wausau is aware that knowledge is not a required element of an action for copyright or trademark infringement.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company denies that the legal conclusions stated in Paragraph 77 contain a complete or accurate statement of existing law as it relates to the facts of this case. Wausau denies the remaining allegations contained in Paragraph 77.

78.    Significantly, and consistent with the fact that knowledge is not a required element, paragraph 66 of the Ashley lawsuit, which is contained in the Second Claim for Relief (copyright infringement for the Ashley HomeStores Masthead), specifically alleges that infringement of Ashley HomeStores copyrights to the Ashley HomeStores Masthead were done

*either* willfully *or* "with reckless disregard of" Ashley's rights. Wausau's Complaint misstates the allegations of this paragraph, alleging that it reads "with the full knowledge of and with reckless disregard". See Wausau Complaint, par. 26, and answer thereto.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company admits that its Complaint for Declaratory Judgment inadvertently misstates the allegations of Paragraph 66 of the Ashley lawsuit as set forth in Paragraph 78 of the Fisher Printing Amended Counterclaim. Wausau further admits that the allegations in paragraph 66 of the Ashley lawsuit allege that Fisher Printing's copyright infringement was and continues to be done willfully and with the full knowledge of or with reckless disregard of Ashley HomeStores' rights in and to the Ashley HomeStores Masthead under the Copyright Act. Wausau denies the remainder of the allegations contained in Paragraph 78.

79. Finally, the correspondence between Ashley and Fisher Printing attached to the Ashley lawsuit as Exhibits A, B, C, D, E and G, evidence that whether Fisher Printing had authority to use Ashley logos, or believed it had authority to use Ashley logos, is a question of fact. It can be reasonably inferred from these correspondences that Fisher Printing was retained for printing services by Ashley Furniture HomeStore local dealers, and that access to and permission to print was obtained, or was reasonably believed by Fisher Printing to have been obtained, from said dealers. *See* Ashley lawsuit, attached to Wausau Complaint as Exhibit B, at Exhibits A, B, D, E, G.

**ANSWER:** Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 79.

80. In addition to forcing Fisher to incur the cost of defense for the underlying Ashley lawsuit, which defense costs are owing by Wausau, Wausau has forced Fisher to incur the cost

and expense of defending this declaratory judgment action, which action does not arise from or represent a legitimate, good faith dispute between Wausau and Fisher concerning Wausau's duty to defend.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 80.

81.    For all of the foregoing reasons, Wausau's disclaimer of coverage and of the duty to defend, is vexatious and unreasonable, and in violation of Section 155 of the Illinois Insurance Code, 215 ILCS 5/155.

**ANSWER:**    Plaintiff-Counter-Defendant Wausau Business Insurance Company denies the allegations contained in Paragraph 81.

WHEREFORE, the Plaintiff-Counter-Defendant, Wausau Business Insurance Company, respectfully requests that this Honorable Court deny the relief sought by Defendant-Counter-Plaintiff Fisher Printing, Inc., and for such other and further relief as this Court deems just and fit under the circumstances.

**Respectfully submitted:**

**JOHNSON & BELL, LTD.**

By:____ */s/ Richard R. Gordon*____
　　　Richard R. Gordon
　　　A.R.D.C. Number 6277551

Glenn F. Fencl ARDC No. 3126086
Richard Gordon ARDC No. 6277551
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603-5404
(312) 372-0770
#1721963

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October, 2007, I electronically filed the foregoing **Wausau Business Insurance Company's Answer to Fisher Printing Company's Amended Counterclaim** with the Clerk of The Court using the CM/ECF system which will send notification of such filing to the following:

> Len Surdyk
> Surdyk & Baker
> Counsel for Defendant, Fisher Printing Co., Inc.
> 225 W. Washington St.
> Suite 2200
> Chicago, Illinois 60606

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

*/s/ Richard R. Gordon*

Richard R. Gordon A.R.D.C. Number 6277551
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 372-0770

Glenn F. Fencl ARDC No. 3126086
Richard Gordon ARDC No. 6277551
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603-5404
(312) 372-0770