IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WAUSAU BUSINESS INSURANCE COMPANY, a Wisconsin corporation,<br><br>    Plaintiff,<br><br>v.<br><br>FISHER PRINTING CO., INC. an Illinois corporation,<br><br>    Defendant.<br>_____<br><br>FISHER PRINTING CO., INC., an Illinois corporation,<br><br>    Counter-Plaintiff,<br><br>v.<br><br>WAUSAU BUSINESS INSURANCE COMPANY, a Wisconsin Corporation,<br><br>    Counter-Defendant.<br>_____<br><br>FISHER PRINTING CO., INC., an Illinois corporation,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation,<br><br>    Third-Party Defendant. | Case No.: 1:07-cv- 03732<br><br>Honorable Mark Filip<br><br>Magistrate Judge Valdez<br><br>**JURY TRIAL DEMANDED** |

**STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE, IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT AND COUNTER-PLAINTIFF FISHER PRINTING CO., INC.**

NOW COMES defendant and counter-plaintiff Fisher Printing Co., Inc. ("Fisher Printing"), pursuant to Local Rule 56.1, and for its Statement of Material Facts as to Which There is no Genuine Issue, in Support of Motion for Summary Judgment of Defendant and Counter-Plaintiff Fisher Printing Co., Inc. states as follows:

1. Plaintiff and counter-defendant Wausau Business Insurance Company ("Wausau") is an insurance company duly organized under the laws of the State of Wisconsin, with its principal place of business in Wausau, Wisconsin. *See* paragraph 2 of Complaint for Declaratory Judgment filed by Wausau in this action, and Exhibits A and B thereto ("Wausau Complaint") attached as Exhibit 1 to the Affidavit of Robert B. Baker ("Baker Affidavit"), filed contemporaneously herewith; *See also* answer to paragraph 2 of Wausau Complaint, found in the First Amended Answer, Counterclaim and Third-Party Complaint of Defendant, Counter-Plaintiff and Third-Party Plaintiff Fisher Printing Co., Inc. filed by Fisher in this action, PACER Document Nos. 16-2 and 16-3 ("Fisher Answer and Counterclaim").

2. Defendant and counter-plaintiff Fisher is an Illinois corporation maintaining its principal place of business in the State of Illinois. *See* paragraph 3 of Wausau Complaint (Baker Affidavit, Exhibit 1), and answer to paragraph 3 of Wausau Complaint found in Fisher Answer and Counterclaim (PACER Document Nos. 16-2 and 16-3).

3. The amount in controversy herein exceeds $75,000. *See* paragraph 4 of Wausau Complaint (Baker Affidavit, Exhibit 1), and answer to paragraph 4 of Wausau

Complaint found in Fisher Answer and Counterclaim (PACER Document Nos. 16-2 and 16-3).

4. Jurisdiction in this matter is founded on diversity of citizenship pursuant to 28 U.S.C. Section 1332 (a) (1). *See* paragraph 5 of Wausau Complaint (Baker Affidavit, Exhibit 1), and answer to paragraph 5 of Wausau Complaint found in Fisher Answer and Counterclaim (PACER Document Nos. 16-2 and 16-3).

5. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391 (a) because Fisher maintains its principal place of business in the Northern District of Illinois and a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Illinois. *See* paragraph 6 of Wausau Complaint (Baker Affidavit, Exhibit 1), and answer to paragraph 6 of Wausau Complaint found in Fisher Answer and Counterclaim (PACER Document Nos. 16-2 and 16-3).

6. On or about April 16, 2007, a Complaint was filed by Ashley Furniture Industries, Inc. and Ashley HomeStores Ltd. against Fisher, in the United States District Court for the Northern District of Illinois ("*Ashley* Complaint"). *See* paragraph 11 of Wausau Complaint (which references and authenticates the *Ashley* Complaint) and Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), and answer to paragraph 11 of Wausau Complaint (which references and authenticates the *Ashley* Complaint) found in Fisher Answer and Counterclaim (PACER Document Nos. 16-2 and 16-3).

7. The Ashley Complaint contains seven Claims for Relief. *See Ashley* Complaint (Exhibit B to Wausau Complaint, found at Baker Affidavit, Exhibit 1).

8. The First Claim for Relied ("First Claim") and Second Claim for Relief ("Second Claim") of the *Ashley* Complaint allege copyright infringement. *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1) at pp. 9 and 12.

9. The Third Claim for Relief ("Third Claim") and Fourth Claim for Relied ("Fourth Claim") of the *Ashley* Complaint allege trademark infringement under the Lanham Act. *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1) at pp. 14 and 18.

10. The Seventh Claim for Relief ("Seventh Claim") of the *Ashley* Complaint alleges violation of Illinois common law. *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1) at pp. 22-23.

11. The *Ashley* Complaint contains a "Factual Background" section (paragraphs 8 through 49) that spans about six pages. Each Claim for Relief in the *Ashley* Complaint incorporates by reference all of the allegations contained in the Factual Background. *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1) at pp. 3-9 and paragraphs 8 through 49.

12. The factual allegations and Claims for Relief of the *Ashley* Complaint are supported by a total of 21 Exhibits, which Exhibits (A through U) are attached to and incorporated by reference into the *Ashley* Complaint. *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1) at pp. 4-16; paragraphs 14-16, 19, 22, 24, 43-44, 53, 61, 63, 74-83; Exhibits A through U thereto.

13. Six of the Exhibits attached to the *Ashley* Complaint are correspondence or e-mail correspondence between various representatives of Ashley Furniture Industries, Inc. or Ashley HomeStores Ltd. (collectively "Ashley") and Fisher Printing. *See* Exhibit

B to Wausau Complaint (Baker Affidavit, Exhibit 1), paragraphs 14-16, 19, 22, 43; Exhibits A through E and G thereto.

14.     Exhibit F to the *Ashley* Complaint is a group exhibit. Exhibit F to the *Ashley* Complaint contains an advertising insert that Ashley alleges was placed by Fisher Printing in the March, 2007 issue of a publication called *Home Furnishings Retailer*, which insert asked: "Who are you buying your AFHS insert from?" and which advertised a "Win Win Insert Program." The *Ashley* Complaint refers to the foregoing advertising insert as "Defendant's 2007 Advertisement." *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), paragraph 24 and Exhibit F thereto.

15.     Exhibit F to the *Ashley* Complaint also contains a publication referred to in the *Ashley* Complaint as the "Mocked Up Sales Circular." The *Ashley* Complaint alleges that the Mocked Up Sales Circular was likewise included by Fisher Printing in Defendant's 2007 Advertisement. *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), paragraph 25 and Exhibit F thereto.

16.     The *Ashley* Complaint asserts that Fisher Printing's Mocked Up Sales Circular used and displayed the marks ASHLEY, ASHLEY FURNITURE HOMESTORE, INSTYLE. IN REACH and DURAPELLA. *See* Exhibit B to Wausau Complaint (Baker Affisavit, Exhibit 1), paragraph 28 and Exhibit F thereto.

17.     The *Ashley* Complaint asserts that Fisher Printing's Mocked Up Sales Circular likewise included and used the copyrighted image of Ashley HomeStore's Masthead. *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), paragraphs 30 and 61 and Exhibits F and J thereto.

18. The *Ashley* Complaint asserts that Fisher Printing's Mocked Up Sales Circular likewise included and used copyrighted images of Ashley Furniture's products. *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), paragraph 32 and Exhibit F thereto.

19. Exhibit H to the *Ashley* Complaint comprises copies of certain Fisher Printing advertising circulars that were allegedly attached to a March 18, 2007 solicitation letter which displayed the marks ASHLEY, ASHLEY FURNITURE HOMESTORE and IN STYLE. IN REACH. The *Ashley* Complaint refers to Exhibit H as "Defendant's 2007 Circulars." *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), paragraph 44 and Exhibit H thereto.

20. The Ashley Complaint likewise asserts that Defendant's 2007 Circulars included and used copyrighted images of Ashley HomeStore and Ashley Furniture products. *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), paragraphs 46 and 48 and Exhibit H thereto.

21. Exhibit J to the *Ashley* Complaint is a copy of the January 2007 Ashley HomeStores Masthead, which the *Ashley* Complaint describes as being "comprised of the advertising layout as shown." The *Ashley* Complaint refers to Exhibit J as the "Ashley HomeStores Masthead." *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), paragraph 61 and Exhibit J thereto.

22. The *Ashley* Complaint asserts that Ashley Furniture is the owner of all right, title and interest, including all copyrights, in and to the images of its furnishings entitled: (a) Barstow-Walnut; (b) Glen Eagle; (c) Durapella Cocoa; (d) Casa Mollino; (e) Cedar Heights; (f) Bittersweet; (g) Sabrina Throws; and (h) Roarke-Masai. The *Ashley*

Complaint refers to the foregoing images, collectively, as the "Ashley Furniture Images." *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), paragraph 51.

23. Exhibit I to the *Ashley* Complaint is a group exhibit consisting of seven Applications for a Certificate of Copyright Registration (each such application referred to as the "Copyright Application;" collectively referred to as the "Copyright Applications") for the Ashley Furniture Images. See Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), paragraph 53 and Exhibit I thereto.

24. The Copyright Application for the Ashley Furniture image known as "Durapella Cocoa" provides that the "Date and Nation of First Publication of This Particular Work" was "March, 2007, USA." *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), Exhibit I.

25. The Copyright Application for the Ashley Furniture image known as "Roarke-Masai" provides that the "Date and Nation of First Publication of This Particular Work" was "January, 2007, USA." *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), Exhibit I.

26. The Copyright Applications for the Ashley Furniture Images known as "Glen Eagle," "Casa Mollino," "Cedar Heights," and "Sabrina Throws" provide that the "Date and Nation of First Publication of This Particular Work" was "October, 2006, USA." (The Copyright Application for the "Glen Eagle" image actually leaves blank the nation of publication, but gives the date of first publication as October, 2006.) *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), Exhibit I.

27. The Copyright Application for the Ashley HomeStore Masthead provides that the "Date and Nation of First Publication of This Particular Work" was "January, 2007, USA." *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), Exhibit I.

28. The First Claim of the *Ashley* Complaint alleges that Fisher Printing acted "willfully with the full knowledge of and with reckless disregard" of copyright interests in the Ashley Furniture Images. *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), paragraph 56.

29. The Second Claim of the *Ashley* Complaint alleges that Fisher Printing acted "willfully with the full knowledge of or with reckless disregard" of copyright interests in the Ashley HomeStores Masthead. *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), paragraph 66.

30. The Third Claim of the *Ashley* Complaint alleges that Fisher Printing acted "willfully with the full knowledge of and with reckless disregard" of plaintiffs' trademark rights. *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), paragraph 89.

31. The Seventh Claim of the *Ashley* Complaint contains no allegations of either intentional or reckless conduct on the part of Fisher Printing. Rather, the Seventh Claim of the *Ashley* Complaint sets forth a general, common law claim for unauthorized use of Ashley Marks. *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), pp. 22-23, paragraphs 116 through 120 and prayers for relief A through E.

32. In an e-mail dated February 22, 2006 from Ashley Furniture representative Ben Thorud to Fisher Printing representative Thomas Scarpati, Jr. (Exhibit A to *Ashley* Complaint), Thorud stated, *inter alia*, "I see that you have also 'mocked up' sample

circulars for certain HS and used our logo and am requesting that you send us the Logo Usage Agreement that you signed giving you the approval and consent to use our . . . marks that are in the circulars you marked up." *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), paragraph 14 and Exhibit A thereto.

33. In an e-mail dated February 24, 2006 from Chris Fischer of Fisher Printing to Ben Thorud of Ashley Furniture (Exhibit B to *Ashley* Complaint), Mr. Fischer stated, *inter alia*, that "if you would like to forward a Logo Usage Agreement we will review, sign and provide back to you for your files." Mr. Fischer further stated, *inter alia*, that Fisher Printing was being "asked to provide design and printing services by . . . independently owned and operated Ashley Furniture Home Stores," and that "I'm sure you are aware that not all of the Ashley Furniture Home Stores are placing print orders from your [Ashley Furniture's] program, many have secured sources out side of the program and are negotiating independently. Are each and every one of these vendors endorsed?" *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), paragraph 15 and Exhibit B thereto.

34. The *Ashley* Complaint alleges that Fisher Printing "provides commercial graphic design, printing, and/or assembly services" and that Fisher Printing placed the Ashley mark in a brochure advertising Fisher Printing's "printing services." *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1), paragraphs 12 and 21. Wausau does not deny that the *Ashley* Complaint makes these allegations. *See* Fisher Answer and Counterclaim (PACER Document Nos. 16-2 and 16-3), counterclaim paragraph 55, and Wausau Business Insurance Company's answer to counterclaim paragraph 55, found in

the Answer to Fisher Printing Company, Inc.'s Amended Counterclaim ("Wausau Counterclaim Answer") (PACER Document No. 20), at p. 22.

35. Nowhere does the *Ashley* Complaint allege that Fisher Printing is in the business of "advertising, broadcasting, publishing or telecasting." *See* Exhibit B to Wausau Complaint (Baker Affidavit, Exhibit 1).

36. Fisher Printing alleges in this action that "Wausau is a sophisticated insurer." *See* Fisher Answer and Counterclaim (PACER Document Nos. 16-2 and 16-3), counterclaim paragraph 67. Wausau has responded to this allegation by stating that Wausau "does not understand what is meant by the term 'sophisticated insurer' and therefore is without knowledge or information sufficient to form a belief as to the truth" of this allegation. *See* Wausau Counterclaim Answer (PACER Document No. 20), at p. 26.

37. According to a "Wausau Facts" sheet set forth on Wausau's public website (www.wausau.com), "Wausau is a member of the Boston-based Liberty Mutual Group, a diversified group of insurance companies employing nearly 39,000 people in 900 offices throughout the world. Liberty Mutual ranks 95 on the Fortune 500 list of largest U.S. corporations. It is the fifth largest commercial lines and eighth largest personal lines writer in the United States." According to the "Wausau Facts" sheet, Liberty Mutual Group had, at December 31, 2006, assets of $85.5 billion; Equity of $10.9 billion; Revenues of $23.5 billion; and Net Income of $1.6 billion. *See* "Wausau Facts" sheet found at Baker Affidavit, Exhibit 2.

38. Wausau issued a Commercial General Liability Insurance Policy to Fisher Printing as named insured under Policy No. YYK-Z91-443555-026, effective October 31,

2006 through October 31, 2007, with limits of liability of $1,000,000 Each Occurrence, $2,000,000 Personal & Advertising Injury Limit and $2,000,000 General Aggregate Limit (other than Products-Completed Operations (the "Wausau Policy"). *See* Wausau Policy, attached as Exhibit A to the Wausau Complaint (Baker Affidavit, Exhibit 1); *See also* Wausau Complaint (Baker Affidavit, Exhibit 1), paragraph 7, and Fisher Printing's answer to paragraph 7 of the Wausau Complaint found in the Fisher Answer and Counterclaim (PACER Document Nos. 16-1 and 16-2).

39. The Wausau policy provides, in its Insuring Agreement, relative to Personal and Advertising Injury Liability, in pertinent part, as follows:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply…

   * * *

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary payments Coverages **A** and **B.**

   b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

*See* Wausau Policy, attached as Exhibit A to the Wausau Complaint (Baker Affidavit, Exhibit 1); *See also* Wausau Complaint (Baker Affidavit, Exhibit 1), paragraph 8, and Fisher Printing's answer to paragraph 8 of the Wausau Complaint found in the Fisher Answer and Counterclaim (PACER Document Nos. 16-1 and 16-2).

40. The Wausau policy further contains the following exclusions relevant to Coverage B, Personal and Advertising Injury Liability:

2. **Exclusions**

This insurance does not apply to:

a. **Knowing Violation Of Rights of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

\* \* \*

(Hereinafter called the "Knowing Violation Exclusion.")

\* \* \*

c. **Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

\* \* \*

(Hereinafter called the "Prior Publication Exclusion.")

\* \* \*

i. **Infringement Of Copyright, Patent, Trademark or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

\* \* \*

(Hereinafter called the "Infringement Exclusion.")

\* \* \*

j. **Insureds In Media and Internet Type Businesses**

"Personal and advertising injury" committed by an insured whose business is:

    (1)    Advertising, broadcasting, publishing or telecasting;

*　*　*

However, this exclusion does not apply to paragraphs **14a., b.** and **c.** of "personal and advertising injury" under the Definitions Section.

*　*　*

(Hereinafter called the "Media Insured Exclusion.") (The Knowing Violation Exclusion, the Prior Publication Exclusion, the Infringement Exclusion and the Media Insured Exclusion sometimes hereinafter collectively called the "Exclusions.") *See* Wausau Policy, attached as Exhibit A to the Wausau Complaint (Baker Affidavit, Exhibit 1); *See also* Wausau Complaint (Baker Affidavit, Exhibit 1), paragraph 9, and Fisher Printing's answer to paragraph 9 of the Wausau Complaint found in the Fisher Answer and Counterclaim (PACER Document Nos. 16-1 and 16-2).

    41.    The Wausau policy additionally provides the following definitions:

**SECTION V – DEFINITIONS**

    1.    "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters…

*　*　*

    14.    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

*　*　*

    f.    The use of another's advertising idea in your "advertisement"; or

    g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

*See* Wausau Policy, attached as Exhibit A to the Wausau Complaint (Baker Affidavit, Exhibit 1); *See also* Wausau Complaint (Baker Affidavit, Exhibit 1), paragraph 10, and Fisher Printing's answer to paragraph 10 of the Wausau Complaint found in Fisher Answer and Counterclaim (PACER Document Nos. 16-1 and 16-2).

42. Upon receipt of the *Ashley* Lawsuit from Fisher Printing, Wausau issued a letter to Fisher Printing dated May 15, 2007 ("May 15, 2007 Denial Letter") in which it stated, *inter alia*, that Wausau "will not provide Fisher Printing with defense or indemnity" for the *Ashley* Lawsuit. *See* May 15, 2007 Denial Letter, found at Baker Affidavit, Exhibit 3; *See also* Fisher Answer and Counterclaim (PACER Document Nos. 16-1 and 16-2), counterclaim paragraph 59, and Wausau Counterclaim Answer (PACER Document No. 20), answering counterclaim paragraph 59.

43. In the May 15, 2007 Denial Letter, Wausau does not contest that the *Ashley* Lawsuit falls within the Insuring Agreement of the Wausau Policy's Personal and Advertising Injury Liability coverage part. Rather, Wausau contends that coverage for the *Ashley* Lawsuit is barred by the Wausau Policy's Knowing Violation Exclusion, Prior Publication Exclusion and Infringement Exclusion. *See* May 15, 2007 Denial Letter, found at Baker Affidavit, Exhibit 3.

44. Thereafter, by way of a letter dated June 21, 2007 ("June 21, 2007 Denial Letter"), authored by Wausau's coverage counsel (Richard Gordon of Johnson & Bell, Ltd.) and addressed to a representative of Fisher Printing's insurance broker (Cathy Baker of The Horton Group), Wausau asserted that there is no coverage under the Wausau Policy for the *Ashley* Complaint, by reason of the Knowing Violation Exclusion and the Prior Publication Exclusion. More specifically, Wausau contended there is no

apply." Wausau asserted that the insurance of the Wausau Policy does not apply in this instance, because of the Knowing Violation Exclusion and the Prior Publication Exclusion. *See* May 15, 2007 Denial Letter, found at Baker Affidavit, Exhibit 3.

45. In the Wausau Complaint, Wausau relies on the four Exclusions described above as its basis for refusing to defend Fisher Printing in the *Ashley* Lawsuit. *See* Wausau Complaint (Baker Affidavit, Exhibit 1), paragraphs 7 through 10 and 32. The Wausau Complaint does not rely on the Wausau Policy's Insuring Agreements as a basis for refusing to defend Fisher Printing in the *Ashley* Lawsuit. *See* Wausau Complaint (Baker Affidavit, Exhibit 1), paragraph 32.

Dated: February 18, 2008

/s/ Robert B. .Baker  
Leonard S. Surdyk  
Robert B. Baker  
**SURDYK & BAKER**  
225 West Washington Street  
Suite 2200  
Chicago, Illinois 60606  
(312) 924-2820  
(312) 924-2818  
Facsimile: (312) 924-2867  
lsurdyk@sbchicago-law.com  
rbaker@sbchicago-law.com  

ATTORNEYS FOR FISHER PRINTING CO., INC.

CERTIFICATE OF SERVICE

The undersigned, an attorney, herby certifies that a true and correct copy of the foregoing Statement Material Facts as to Which There is no Genuine Issue, in Support of Motion for Summary Judgment of Defendant and Counter-Plaintiff Fisher Printing Co., Inc., was served upon all counsel of record in this action, by electronic mail, on the 18th day of February, 2008.

/s/Robert B. Baker